UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TRONDO LAMON HUMPHREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-794 PS |
| | ) | |
| EDDIE BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

On July 1, 2005, two inmates in the Indiana State Prison were severely beaten and one died as result. The beating was administered by a gang of inmates for reasons that are not clear. Trondo Lamon Humphrey was allegedly one of the inmates involved in the beating; several witnesses placed him at the scene. As a result, Humphrey was charged with and found guilty of the state offense of engaging in criminal gang activity, in violation of prison rules. He was docked 180 days good time credit as a sanction. Humphrey brings this *pro se* habeas corpus petition challenging his 180 day loss of good time credit. Although the State has filed a response, Humphrey did not file a traverse, and the time for doing so has passed.

Humphrey raises three grounds in this challenge. He first argues that the charge of violating a state law was improper because only a prosecuting attorney can file criminal charges for such a violation. This is irrelevant. Criminal charges were not filed against Humphrey and he was not convicted of a crime. The conduct report is a part of the prison disciplinary process, not a criminal prosecution. Therefore, Humphrey's due process rights were not implicated by the fact that he was charged in a disciplinary proceeding as opposed to being charged by a state prosecutor.

Humphrey next argues that the offense was improperly changed on appeal though the punishment was left unchanged. He alleges that the new charge was a violent offense unlike the original charge. Though *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require such a notice to specify the specific number of the rule violation, its severity, nor even the case number assigned to the hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

*Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, though the number of the charged offense was changed, the factual basis remained the same. Indeed the change in the offense was a minor one; Humphrey was told in the Report of Investigation that he was being charged with gang activity that involved a battery. *See* Resp. Ex. B. Changing the offense on appeal from engaging in gang activity to battery therefore did not violate his due process rights.

Finally, Humphrey argues that he was not given 24-hours notice of the charge against him. It is true that the Report of Conduct erroneously stated that he violated INDIANA CODE 35-42-9-1 and on the day of the hearing it was changed to INDIANA CODE 35-45-9-3. The first code section referred to in the prior sentence is the section of the Indiana Code where "Criminal Gang" is defined. The second section is the crime itself of "Criminal Gang Activity." Thus, the prison authorities who brought this charge erroneously referenced the definition section of the code instead of the substantive crime. This error is a trifle. As the respondent points out, the Report of Investigation which was given to Humphrey along with the Report of Conduct, correctly identifies INDIANA CODE 35-45-9-3 as the law that was violated. *See* Resp. Ex. B. In addition, Humphrey was also given a

2

copy of INDIANA CODE 35-45-9-3. *See* Resp. Ex C. Further, the Report of Investigation states that an alleged battery took place:

> During the course of the investigation several separate independent witness's reported the above offender with the group of offenders in the cell house during the time of the assaults on the 400/300 ranges. This group has been identified as the STG group called "Folks" or Disciples. With this information and the underlying felony of battery this violated the above ADP rule violation and criminal code.

Resp. Ex. B. *Wolff* only requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. The notice given to Humphrey met this requirement.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

SO ORDERED.

ENTERED: January 23, 2007

                                                 S/ Philip P. Simon
                                                 Philip P. Simon, Judge
                                                 United States District Court